# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY BOYD, #K68647, </br></br>    Plaintiff,</br></br>vs.</br></br>LT. SHEFFLER,</br>K. SMITH,</br>LT. DURELL,</br>MAJORY CRARY,</br>TARA GOINS,</br>ACTING DIRECTOR BALDWIN,</br>TRAVIS BAYLOR,</br>HARRY ALLARD, and</br>DANIEL LYNN,</br></br>    Defendants. | Case No. 19−cv–01055−NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Jimmy Boyd, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights while he was at Western Illinois Correctional Center ("Western") and Shawnee Correctional Center ("Shawnee"). Boyd claims that he has been retaliated against at both facilities. He seeks a preliminary injunction and monetary damages.

    The Court must review the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations

1

of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**THE COMPLAINT**

In the Complaint, Boyd alleges the following: While at Western he was retaliated against by Defendants for filing grievances and a habeas corpus petition. (Doc. 1, pp. 4-5). On February 13, 2018, Sheffler escorted Boyd from the health care unit to the segregation unit, without allowing medical staff to first provide him treatment. (*Id.* at p. 5). Boyd was placed in segregation based on a falsified disciplinary ticket, charging him with the possession of a razor blade, which was placed in his pants by Smith. (*Id.* at p. 6). Boyd claims that Sheffler and Smith committed these acts in order to confiscate his legal documents and prevent him from filing grievances. (*Id.*). While in segregation, his requests for medical attention were ignored by Smith, Durell, and Crary. (*Id.* at p. 9).

Boyd filed an emergency grievance regarding the retaliatory conduct, and the grievance was expedited by the chief administrative officer. (*Id.* at p. 6). Goins delayed the process by 32 days, however, and determined that the grievance was moot because the adjustment committee had expunged the disciplinary ticket. (*Id.*). He also filed a grievance regarding his lack of medical treatment, but Goins ignored and deliberately failed to address his medical issues. (*Id.* at p. 9).

Sheffler, Smith, Crary, and Durell are in possession of his legal documents and have frustrated the process of his federal habeas corpus case to the point that it has been dismissed. (*Id.* at p. 7).

At some point Boyd was transferred to Shawnee. At Shawnee, Allard and Lynn retaliated

2

against him by ignoring his emergency grievances. Boyd was given a job assignment, but due to false allegations, he was removed from the assignment. (*Id.* at p. 8).

**PRELIMINARY DISMISSALS**

Boyd claims that Baylor, a member of the Administrative Review Board, and Baldwin, IDOC's Acting Director, deliberately failed "to curb and/or correct the retaliatory actions being taken against" him. (Doc. 1, p. 10). Section 1983 liability, however, requires personal responsibility for the deprivation of a constitutional right. A defendant cannot be liable solely because he has a supervisory role or because he processed or reviewed a grievance. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001); *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Because Boyd does not allege any facts describing personal involvement in the constitutional violates on the part of Baldwin and Baylor, these Defendants shall be dismissed.

**DISCUSSION**

Based on the allegations in the Complaint, the Court designates the following six Counts:

**Count 1:** First Amendment retaliation claim against Sheffler, Smith, Goins, Crary, and Durell for retaliating against Boyd for filing a habeas petition and inmate grievances.

**Count 2:** First Amendment access to courts claim against Sheffler, Smith, Crary, and Durell for withholding Boyd's legal documents causing his federal habeas corpus petition to be dismissed.

**Count 3:** Fourteenth Amendment due process claim against Goins and Crary for the mishandling of Boyd's grievances.

**Count 4:** Eighth Amendment claim of deliberate indifference to a serious medical need against Sheffler, Smith, Durell, Crary, and Goins for ignoring Boyd's requests for medical attention.

**Count 5:** First Amendment retaliation claim against Allard and Lynn for failing to process Boyd's emergency grievance.

**Count 6:** First Amendment and Fourteenth Amendment claim against Allard and Lynn for the mishandling of Boyd's grievance.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under Twombly.** [1]

### SEVERANCE

Rule 20 of the Federal Rules of Civil Procedure prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *George,* 507 F.3d at 607; 3A Moore's Federal Practice § 20.06, at 2036–45 (2d ed.1978). Rule 18 allows a party to join unrelated claims against defendants in a lawsuit. Notably, however, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20. *Intercon Research Ass'n, Ltd. v. Dresser Ind., Inc.,* 696 F.2d 53, 57 (7th Cir. 1983) (citing 7 Charles Alan Wright et al., *Federal Practice & Procedure*).

Here, Boyd claims that the unconstitutional conduct committed by staff at Western and Shawnee were done in retaliation and that his grievances were mishandled at both facilities. Despite these common claims, Boyd has brought two distinct groups of claims against different defendants that arise from occurrences at two different facilities, and thus they cannot proceed together in the same suit. Accordingly, the Court exercises its authority under Rule 21 and severs the improperly joined claims. Boyd's claims relating to conduct that occurred while he was at Western, Counts 1-4, shall be severed into a separate action and transferred to the proper venue.

---

[1] *See Bell Atlantic v. Twombly,* 550 U.S. at 570. (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Counts 5-6, which occurred while he was at Shawnee, shall be addressed in this action and reviewed pursuant to § 1915A.

**MERITS REVIEW**

**Count 5**

To state a claim for retaliation under the First Amendment, a plaintiff must allege that a "prison official retaliated against him for exercising a constitutionally protected right." *Pearson v. Welborn,* 471 F.3d 732, 738 (7th Cir. 2006). *See also Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012).

In the Complaint, Boyd alleges that Allard and Lynn retaliated against him by mishandling of his grievances, (Doc. 1, p. 8), but does not provide any additional details regarding what type of constitutionally protected right he was exercising or what motivated Defendants' retaliatory behavior. Boyd also claims that he lost his job assignment because false allegations were made against him in further retaliation, (*Id.* at p. 8), but does not assert this claim against any defendant from Shawnee. Therefore, he fails to state a claim for retaliation, and Count 5 will be dismissed.

**Count 6**

Boyd claims that Allard and Lynn ignored procedure when processing his emergency grievance. (Doc. 1, p. 8). Inmates, however, do not have a constitutional right to an effective grievance procedure. *Antonelli v. Sheahan,* 81 F.3d, 1422, 1430 (7th Cir. 1996). As such, the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). While an inmate does have the right to access to the courts to present his complaints, Boyd's ability to commence this law suit "indicates that the prison has not infringed his First Amendment right to petition the government

for redress of grievances." *Antonelli,* 81 F.3d at 1430 (7th Cir. 1996) (citations omitted).

## LEAVE TO AMEND

Because Counts 5 and 6 shall be dismissed, the Complaint does not survive preliminary review. If he wishes to pursue his claims, Boyd must file an amended complaint describing ***how*** each defendant, named as a party in the case caption, violated his rights. Boyd should keep in mind that in Section 1983 actions there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville,* 266 F.3d at 740.

## INJUNCTIVE RELIEF

In the Complaint, Boyd asks for a preliminary injunction against the prison officials to enjoin them from further retaliation and to have them return all confiscated legal documents and personal property. (Doc. 1, p. 11). His request for a preliminary injunction is rendered moot, however, by his transfer from Western and Shawnee. As Boyd is now currently incarcerated at Centralia, his request is denied. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (a prisoner's request for injunctive relief is rendered moot by his transfer to another prison); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008).

Boyd also filed a Motion for a Temporary Restraining Order ("TRO") asking the Court to direct prison officials at Centralia to stop retaliating against him by refusing to e-file pleadings and to provide him with court rulings. (Doc. 11, pp 1-2). He states that he has submitted to the Court two requests for status, but has not received any responses. (*Id.* at p. 2). Although the motion is titled "Petition for a Temporary Restraining Order," in the motion Boyd also discusses the legal standard for a preliminary injunction, and so the Court will treat the motion as a request for a TRO and preliminary injunction.

A TRO is an order issued without notice to the party to be enjoined, and it may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). It may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, a plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three factors, the court then balances the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). Finally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff,* No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

For the following reasons, the motion will be denied. First, the request for relief in the TRO and preliminary injunction motion is outside the scope of Boyd's Complaint. The motion alleges claims of retaliation directed at staff from Centralia, who are not defendants in this case, while the facts in the Complaint currently before the Court for review, allege retaliation and grievance

mishandling at Shawnee. The request for injunctive relief is not of the same character as the relief sought in this case and deals with matters wholly outside of the allegations in the Complaint and, as such, is not properly brought in this case. If Boyd wishes to pursue the unrelated claims against Centralia staff, he must do so by filing a separate case under 42 U.S.C. § 1983.

Second, the Court further notes that the request does not come close to meeting the standard of immediate and irreparable harm, as the docket does not support the claim that he has been denied access to the courts. Currently, the Court has received the following documents from Boyd: (1) the Complaint; (2) Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"); (3) two Motions to Preserve Evidence; (4) Motion for Status; and (5) Motion for Temporary Restraining Order—more than 60 pages of pleadings since September 30, 2019. Boyd has paid his initial partial filing fee of $73.01 indicating that he did receive the Court's order granting his IFP Motion, and he states that he did receive the Court's Notice and Consent to Proceed before a Magistrate Judge Jurisdiction form. (Doc. 11, p. 2). That would mean that the only document he has not received from the Court is the order granting his motion for status, (Doc. 8), and the only document the Court has not received from Boyd is his second motion for status. Not receiving one document from the Court does not demonstrate irreparable harm for the purposes of emergency injunctive relief or that he is being denied meaningful access to the courts. *See United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010) (finding no deprivation of court access when defendant filed three motions to dismiss). For these reasons, the motion is denied.

### MOTIONS TO PRESERVE EVIDENCE

Boyd has filed two motions asking the Court to order staff at Centralia to preserve personal property that the Centralia staff is attempting to send home or have destroyed. (Doc. 5, p. 2; Doc. 7, p. 2). Because he states that this property was damaged by the officials at Western and is direct

evidence of his claim of retaliation, these motions shall be transferred, along with his claims against the Western defendants, to the appropriate venue.

## DISPOSITION

### *Preliminary Dismissals*

**IT IS HEREBY ORDERED** that, for the reasons states, **Travis Baylor** and **Acting Director Baldwin** are dismissed without prejudice. The Clerk of Court is **DIRECTED** to terminate them as a defendant in the Case Management/Electronic Case Filing ("CM/ECF") system.

### *Severance and Transfer*

**IT IS HEREBY ORDERED** that Counts 1-4 directed against **Lt. Sheffler, K. Smith, Lt. Durell, Major Crary,** and **Tara Goins** are **SEVERED** into a new case. In the new case, the Clerk of Court is **DIRECTED** to file the following documents:

- The Complaint (Doc. 1);
- Motion for Leave to Proceed *in forma pauperis* (Doc. 3);
- Motion to Preserve Evidence (Doc. 5); and
- Motion to Preserve Evidence (Doc. 7).

Once the newly severed action is opened, pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) and on the Court's own motion, **the Clerk of Court is ORDERED to transfer the action to the United States District Court for the Central District of Illinois** for such further proceedings as that court may deem appropriate. 28 U.S.C. § 93(b).

**IT IS FURTHER ORDERED** that the **only claims remaining in this action are Counts 5 and 6 directed against Harry Allard and Daniel Lynn.** The Clerk of Court is **DIRECTED** to terminate **Lt. Sheffler, K. Smith, Lt. Durell, Major Crary,** and **Tara Goins** as defendants in this action and the Motions to Preserve Evidence (Docs. 5 and 7).

*Merits Review Counts 5-6*

**IT IS HEREBY ORDRED** that the Complaint (Counts 5 and 6) is **DISMISSED** without prejudice against **Harry Allard** and **Daniel Lynn** for failure to state a claim for relief.

**IT IS FURTHER ORDERED** that the request for preliminary injunction (Doc. 1, p. 11) and the Motion for Temporary Restraining Order (Doc. 11) are **DENIED** without prejudice.

Boyd is **GRANTED** leave to file a "First Amended Complaint" on or before **January 24, 2020**. Should Boyd fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Boyd's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Boyd use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01055-NJR). To enable Boyd to comply with this Order, the Clerk is **DIRECTED** to mail Boyd a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Boyd must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Boyd is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 20, 2019**

　　　　　　　　　　　　　　　　　　　　　　　　　_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**