IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY BOYD, #K68647, <br><br>              Plaintiff, <br><br> v. <br><br> BALDWIN, <br> JEFFREYS, <br> TRAVIS BAYLOR, <br> HARRY ALLARD, and <br> DANIEL LYNN, <br><br>              Defendants. | Case No. 19-cv-01055-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Jimmy Boyd, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Correctional Center, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while he was at Western Illinois Correctional Center ("Western") and Shawnee Correctional Center ("Shawnee"). Boyd claims that he has been retaliated against at both facilities. Following preliminary review of the Complaint, pursuant to 28 U.S.C. § 1915A, the Court severed into a separate action the claims relating to Defendants' conduct that occurred while he was at Western. (Doc. 12). The Court also dismissed the remaining Counts 5 and 6, regarding incidents that occurred at Shawnee, for failure to state a claim. The Court granted Boyd leave to amend the complaint.

Now before the Court are Boyd's Motion for Reconsideration (Doc. 16) and Motion

for Judgment on the Pleadings (Doc. 20). Boyd also filed a First Amended Complaint (Doc. 18). The Court must review the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## MOTION TO RECONSIDER

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. The Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b), however, if it appears that a party is requesting relief available under those Rules. *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). A motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht*, 517 F.3d at 494. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is

the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons, including mistake or "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996).

In his Motion, Boyd asks the Court to reinstate Defendants Baldwin and Baylor and allow him to proceed on Counts 5 and 6. In support of his argument to reinstate Defendants Baldwin and Baylor, Boyd states that the Complaint alleged that both defendants participated in the constitutional violation and both defendants were grossly negligent in supervising employees who committed retaliatory acts. (Doc. 16, p. 2) (citing *Farid v. Goord,* 200 F. Supp. 2d 220 (W.D. N.Y. 2002); *Rowe v. Shake,* 196 F. 3d 778, 782 (7th Cir. 1999). The Complaint attempts to assert liability by stating that Defendants failed to "curb and/or correct the retaliatory actions being taken against [Boyd.]" (Doc. 1, p. 10). As mentioned in the Merit Review Order, there is no supervisory liability under Section 1983. Supervisors can only be held liable for their own personal actions and "are not liable for the errors of their subordinates." *Pacelli v. deVito,* 972 F. 2d 871, 877 (7th Cir. 1992). *See also Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Furthermore, negligent conduct and even gross negligent conduct are

not culpable under Section 1983. *Jones v. City of Chi.*, 856 F.2d 985, 992 (7th Cir. 1988). Accordingly, the Court will not amend its Order dismissing Defendants Baldwin and Baylor.

Boyd also argues that the Court's Order was flawed in dismissing Count 5, a claim of retaliation, for not providing additional details regarding what type of constitutional protected right he was exercising. He states that he "clearly provided details of defendant's Allard and Lynn in their willingness to participate in the acts of retaliation having been taken against him, regarding inmate grievances." (Doc. 16, p. 2). The Complaint states that Defendants Allard and Lynn retaliated against Boyd by ignoring the emergency grievance process. (Doc. 1, p. 8). He also states that Defendants willingly participated in retaliatory actions, which also constitutes deliberate indifference to his right to petition for redress. (*Id.* at p. 11). Although the Complaint alleges acts of retaliation, Boyd did not allege that the retaliation was motivated by protected conduct, and thus, he has not demonstrated an error of law or exceptional circumstances for the Court to modify its Order. *See Shanklin v. Freeman,* 799 F. App'x 392, 396 (7th Cir. 2020).

Finally, Boyd argues that the Court erred in dismissing Count 6, claim for the mishandling of grievances, because the Prison Litigation Reform Act ("PLRA") requires him to exhaust his administrative remedies. He states that the "mere novelty of such a claim is reason enough to doubt that 'substantive due process' sustains it." (Doc. 16, p. 3). Again, Boyd has not met the standards under Rule 59(e) or 60(b). First, the Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008).

As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31 (internal citations omitted). Second, while the PLRA does require prisoners to exhaust all available administrative remedies before filing a suit in federal court, a plaintiff who can demonstrate the unavailability of administrative remedies is relieved from the obligation to exhaust and can proceed with the suit. *Lewis v. Washington,* 330 F.3d 829, 833 (7th Cir. 2002). Therefore, the unavailability of administrative remedies is not a bar to potential litigants bringing their claims and thus, Boyd has not adequately alleged that his access to the courts has been impeded. *See Hill v. Snyder,* 817 F.3d 1037, 1041 (7th Cir. 2016). For these reasons, the Motion to Reconsider is denied.

Boyd also filed an Objection to Transfer Order. (Doc. 17). The motion does not include any allegations regarding why he believes his claims against Defendants at Western were improperly severed and transferred, simply that he objects to the transfer order. Local Rule 73.1(b) is limited to allowing objections of a ruling or finding by a magistrate judge, and the ability to file an objection also does not exist under the Federal Rules of Civil Procedure. As with a motion to reconsider, these types of motions challenging the merits of a district court order will be considered as having been filed pursuant to Rule 59(e) or Rule 60(b). As Boyd has offered no arguments or claims in support of his motion, to the extent he is requesting the Court to amend its ruling severing and transferring his claims, the request is denied.

**FIRST AMENDED COMPLAINT**

In the First Amended Complaint, Boyd alleges the following: He was provided a job as a gym worker from March 13, 2019, until May 2, 2019. (Doc. 18, p. 9). Boyd was fired from the job because prison officials had other inmates make false claims that he had made threats. (*Id.*). On May 22, 2019, he filed an emergency grievance regarding being fired and the retaliatory conduct by prison officials. (*Id* at p. 9-10). After not receiving a response, Boyd wrote to Counselor Daniel Lynn, and Lynn responded that the emergency grievance was sent to the chief administrative officer for review, which delayed the process for thirteen days. (*Id.* at p. 10). On June 7, 2019, he received a counseling summary from Clinical Services Supervisor Harry Allard informing him that his grievance was not deemed an emergency. On June 20, 2019, Boyd received a counseling summary from Lynn informing him that his grievance was being sent to Clinical Services for a response, delaying it for another thirteen days. One June 24, 2019, he was provided a response to his grievance by another counselor, but the response did not address the retaliation claims. (*Id.*). Boyd appealed the response, and on August 28, 2019, the grievance officer who reviewed the grievance also ignored the allegations of retaliation, and the grievance was denied. (*Id.* at p. 11). He then appealed to the Administrative Review Board. The grievance was denied by Administrative Review Board Member Travis Baylor and the decision concurred by Acting Director of IDOC Rob Jeffreys. (*Id.* at p. 11-12).

Based on the allegations in the First Amended Complaint, the Court designates the following Counts:

**Count 1:** First Amendment claim against Allard, Lynn, Baldwin, Bayler, and Jeffreys for retaliation by delaying the processing of and denying Boyd's grievances.

**Count 2:** First Amendment and Fourteenth Amendment claim against Allard, Lynn, Baldwin, Bayler, and Jeffreys for denial of due process and the right to petition for redress of grievances.[1]

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under Twombly.[2]**

### Count 1

Prison officials may not retaliate against inmates for filing grievances, lawsuits, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). The issue in a retaliation claim is whether the plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th

---

[1] Boyd states that his right to due process under the Fifth Amendment was also violated. (Doc. 18, pp. 8, 13). The Fifth Amendment supplies the guarantee of due process to a federal inmate, and so, the Court will analyze Boyd's due process claims under the Fourteenth Amendment. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002).

[2] *See Bell Atlantic v. Twombly,* 550 U.S. at 570. (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Because the Court previously severed and transferred all claims regarding incidents that occurred at Western to the Central District of Illinois, claims alleged in the First Amended Complaint regarding retaliation by staff at Western are again dismissed. (*See* Doc. 12, p. 9).

Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Boyd argues that Defendants Allard and Lynn, in retaliation for filing grievances, delayed the processing of his emergency grievance regarding the retaliatory firing from his job by other prison staff. Boyd states that (1) he filed an emergency grievance on May 22, 2019; (2) on June 7, 2019, the grievance was deemed a nonemergency; and (3) he received a response by a counselor on June 24, 2019. Finally, on August 28, 2019, the grievance was denied. Boyd also asserts that Baldwin, Bayler, and Jeffreys, who denied his appeals, deliberately failed to curb and correct the retaliatory actions being taken against him. (Doc. 18, p. 12-13).

The Court does not find that based on these allegations Boyd has made a plausible claim of retaliation by Allard and Lynn. Taking approximately two months to process a grievance does not rise to the level of an "adverse action" that would likely deter future First Amendment activity. In fact, Boyd was not deterred and continued to pursue the relief sought in the grievance by filing an appeal to the Administrative Review Board. *See Jones v. Lawrence,* 20-cv-00125-SMY, 2020 WL 707268 at *4 (S.D. Ill. 2020) (allegations that the warden retaliated against the plaintiff by denying his emergency grievance "insufficient to state a retaliation claim because Plaintiff did not suffer a deprivation; the grievance process was still available to him."). Furthermore, Baldwin, Bayler, and Jeffreys cannot be held liable for the alleged retaliatory conduct of the prison staff for denying his grievance, as the alleged mishandling of grievances "by persons who otherwise did not

Page 8 of 11

cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). To be held individually liable, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Accordingly, Count 1 is dismissed.

## Count 2

Count 2 will also be dismissed. Boyd alleges that Allard, Lynn, Baldwin, Baylor, and Jeffreys refused to afford him due process and denied him the right to petition the government for redress. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Additionally, while a prisoner does have the right to petition the government for redress of grievances, which includes access to the courts to present his complaint, Boyd's access to the courts has not been impeded by the alleged actions. Boyd does not allege that the administrative remedies at Shawnee were unavailable to him, only that the process was delayed and he did not receive the desired outcome, but even so, the unavailability of administrative remedies is not a bar to potential litigants bringing their claims. *See Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016). Count 2 is also dismissed.

## LEAVE TO AMEND

Because the First Amended Complaint is being dismissed, the Court must once again consider whether to allow Boyd to submit an amended complaint in an effort to state a viable claim. The Court is cognizant of the general preference to allow a *pro se* litigant to amend a complaint that fails to state a claim in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). Leave to amend a complaint need not be granted, however, when an amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chi.*, 24 F.3d 966, 970 (7th Cir. 1994); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile").

In the First Amended Complaint, Boyd reasserts claims regarding the mishandling of grievances that had previously been dismissed and fails again to state a valid theory of liability for retaliation. *See Wakeen v. Hoffman House, Inc.*, 724 F. 2d 1238, 1244 (7th Cir. 1983). Accordingly, the Court finds that granting Boyd leave to amend would be futile and finds it appropriate to dismiss without leave to amend.

## PENDING MOTION

Because this case shall be dismissed, all pending motions, including Motion for Judgment on the Pleadings (Doc. 20) and Motions for Status (Docs. 19 and 21), are denied as moot.

DISPOSITION

For the reasons set forth above, the First Amended Complaint (Doc. 18), and this entire action, are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Boyd is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED as moot**.

Boyd wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Boyd does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Boyd may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  April 28, 2020

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**